ROBERT S. NELSON (SBN# 220984)
NELSON LAW GROUP
26 West Portal Avenue, Suite 1
San Francisco, CA 94127
(415) 702-9869 (phone)
(415) 592-8671 (fax)
rnelson@nelsonlawgroup.net

Attorneys for Plaintiffs
NAYNABEN A. PATEL and AMRUTAL PATEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAYNABEN A. PATEL and AMRUTAL PATEL, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN HOTEL, LLC, a limited liability company; SHANTABEN DESAI, an individual; and ASHOK PATEL, an individual,<br><br>Defendants. | Case No. TBA<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **UNPAID OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. §201 *et seq.*)**<br>(2) **UNPAID MINIMUM WAGES IN VIOLATION OF FLSA (29 U.S.C. §201 *et seq.*)**<br>(3) **UNPAID MINIMUM WAGES (CAL. LAB. CODE §1194)**<br>(4) **UNPAID OVERTIME WAGES (LAB. CODE § 510)**<br>(5) **UNPAID MEAL PERIOD WAGES (I.W.C. WAGE ORDER NO. 4, LAB. CODE §§ 226.7, 512)**<br>(6) **ITEMIZED WAGE STATEMENT VIOLATIONS (LAB. CODE § 226)**<br>(7) **UFAIR COMPETITION (BUS. & PROF. CODE §17200)** |

1

COMPLAINT FOR DAMAGES
CASE #: TBD

Plaintiffs NAYNABEN A. PATEL and AMRUTAL PATEL (collectively referred to hereafter as "Plaintiffs"), by and through their attorneys of record, NELSON LAW GROUP, hereby complain against Defendants CROWN HOTEL, LLC, SHANTABEN DESAI and ASHOK PATEL (collectively referred to hereafter as "Defendants"), as follows:

## NATURE OF THE ACTION

1. This action is brought for failure to pay overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and California state law, including California Labor Code Sections 1182.11, 1182.12 and 1194; meal break violations pursuant to California Labor Code Sections 226.7 and 512; pay stub violations pursuant to California Labor Code Section 226; and unfair competition pursuant to California Business & Professions Code Section 17200.

## PARTIES

2. Plaintiffs are natural persons who are now, and at all times relevant to this Complaint have been, residents of this judicial district.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Crown Hotel, LLC ("Defendant Crown") is a limited liability company authorized to do business in California and in fact doing business in this district.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant Shantaben Desai, also known as Gita Desai, ("Defendant Desai") is an individual residing in, and doing business in, this district.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Ashok Patel ("Defendant Patel") is an individual residing in, and doing business in, this district.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. Section 216(b) and 8 U.S.C. Section 1331 because this action arises under the laws of the United States, including the FLSA, 29 U.S.C. Section 207, *et seq.* In addition, because the claims stated herein arise from the same or substantially similar facts, circumstances, and witnesses and derive from a common nucleus of operative facts, this court has supplemental and/or pendent

COMPLAINT FOR DAMAGES
CASE #: TBD

jurisdiction to hear all claims presented in this action, including claims arising under state law, pursuant to 28 U.S.C. Section 1367.

7. The Northern District of California has personal jurisdiction over this matter because Defendants are residing and doing business here, in this district, and because the acts complained of herein occurred in this district and gave rise to the claims alleged.

8. Venue is proper in the Northern District pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendants may be found in this district and because substantially all the events giving rise to the claims presented in this Complaint occurred in this district.

9. Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Francisco Division is proper because substantially all the events giving rise to the claims presented in this Complaint occurred in the City and County of San Francisco.

## FACTS

10. Defendant Crown owns and/or controls the Crown Hotel, a single resident occupancy ("SRO") hotel located at 528 Valencia Street, San Francisco.

11. The Crown Hotel is primarily used as a residential facility for the homeless and disabled. It has approximately 52 rooms.

12. Plaintiffs are a married couple who immigrated to the U.S. from India in the 1990s.

13. In (or around) 2001, Plaintiffs were hired to work as front desk managers at the Crown Hotel. They were hired by Defendant Desai and Defendant Desai's father, Thakor Desai, who jointly presided over hotel operations.

14. Plaintiffs' primary job duties as front desk managers were to screen anyone coming in and out of the hotel, and to check guests in and out.

15. When someone wanted to come into the hotel, they would ring a buzzer that connected to the front desk, and also to Plaintiffs' apartment. Plaintiffs lived on-site in the Crown Hotel in an apartment that connected to the front desk.

16. When the buzzer rang, Plaintiffs would have to check a video monitor to see if the

caller should be allowed in, and if so, Plaintiffs would buzz them in. If the caller was not a registered guest at the hotel, Plaintiff would then determine if the person was visiting a guest and, if so, they would check the visitors' drivers' licenses (or other form of identification), and then make a written record of their entry time.

17. Plaintiffs often could not recognize guests on the monitor, and so would have to buzz most visitors in to determine whether they belonged in the hotel. If they did not, Plaintiffs would then have to escort them back out, an often arduous process. Vagrants would also frequently ring the buzzer trying to get into the hotel.

18. At least one Plaintiff had to be at the front desk or in their connected apartment available to respond to the buzzer at all times, 24-hours per day. The buzzer went off numerous times per hour, including throughout the night.

19. When hotel guests checked in or out, Plaintiffs would have to check their rooms (either to determine whether they were ready, or that they had been cleared out) and then fill out the appropriate paperwork.

20. Plaintiffs spent substantially all their work time (in excess of 95 percent) responding to the buzzer or checking guests in and out.

21. Plaintiffs were paid a set salary for their work, although the salary would be reduced if Plaintiffs needed time off. For example, if Plaintiffs needed to take a few days off for doctors' appointments, their pay would be reduced proportionally. Plaintiffs also had to find and pay for replacements to cover the front desk while they were gone.

22. Plaintiffs were paid by both cash and checks from an account in Defendant Crown's name. Although Plaintiffs also did not have to pay rent for their apartment, they never had any written agreement with Defendants allowing for any lodging credit toward their earned wages.

23. Thakor Desai died in (or around) 2009. At that time, his daughter, Defendant Desai, assumed full control of the Crown Hotel. She henceforth controlled all aspects of Plaintiffs' jobs, including determining their pay rate. Her husband, Defendant Ashok Patel, also

managed day-to-day operations at the Crown Hotel, including supervising Plaintiffs.

24. Although Plaintiffs were paid by checks issued by Defendant Crown, they were in fact jointly employed by all Defendants because Defendants Desai and Ashok Patel exerted operational control over Defendant Crown during the time period relevant to this litigation (i.e., since 2012).

25. In (or around) 2011, Defendants stopped paying Mrs. Patel for her work, even though she continued working with her husband at the hotel. Defendants knew Mrs. Patel continued working at the Crown Hotel and suffered and permitted her to continue doing so.

26. During the time period relevant to this dispute (2012 to the present), Defendants paid Mr. Patel $2,200 per month for his work, $1,700 via a check from Defendant Crown, and the rest in cash. Mrs. Patel was not paid anything.

27. Plaintiffs worked significant amounts of overtime during the relevant time period. At least one Plaintiff was required to be present at the Crown Hotel, ready and able to respond to the buzzer, 24-hours per day, seven days a week. If Plaintiffs ever had to be away from the hotel at the same time, they had to personally pay for a replacement to cover the desk.

28. Plaintiffs were never provided with duty-free meal breaks of at least a half hour, after no more than five consecutive hours worked, since 2012.

29. Plaintiffs continue to be employed with Defendants as of the date of this Complaint.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. Section 201, *et seq.*)**

**(Against all Defendants)**

30. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 29, above.

31. At all times relevant to this Complaint, Defendants were "employers" as that term is defined under the FLSA.

32. At all times relevant to this Complaint, Plaintiffs were "employees" as that term is

5

defined under the FLSA.

33. At all times relevant to this Complaint, Plaintiffs were jointly employed by all Defendants.

34. During all time periods relevant to this Complaint, Defendants required Plaintiffs to work in excess of forty (40) hours per week.

35. Plaintiffs did in fact routinely work in excess of forty (40) hours per week.

36. During all time periods relevant to this Complaint, the FLSA required that all work performed by non-exempt employees in excess of forty (40) hours in any single workweek be compensated at a rate of one-and-one-half times the employees' regular rate of pay.

37. Plaintiffs' job duties with Defendants were such that they were not exempt from the FLSA's overtime requirements. At all times during their employment, Plaintiffs' primary job duty(ies) was/were non-exempt.

38. Defendants failed to compensate Plaintiffs for overtime hours they worked.

WHEREFORE Plaintiffs pray for judgment against Defendants as set forth herein.

## SECOND CAUSE OF ACTION

**(Failure to Pay Minimum Wages in Violation of the FLSA, 29 U.S.C. §§201 *et seq.*)**

**(Against All Defendants)**

39. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 38, above.

40. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

41. At all times relevant to this Complaint, Defendants employed Plaintiffs as "employees" within the meaning of the FLSA.

42. At all times relevant to this Complaint, Defendants have had gross operating revenues in excess of $500,000.

43. Throughout the statute of limitations period covered by these claims, Plaintiffs

6

COMPLAINT FOR DAMAGES
CASE #: TBD

were suffered or permitted to perform work for Defendants for which they were never paid.

44. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail, to pay Plaintiffs at the required minimum wage rate(s) for all work they performed.

WHEREFORE Plaintiffs pray for judgment against Defendants as set forth herein.

### THIRD CAUSE OF ACTION

**(Failure to Pay Minimum Wages in Violation of Labor Code §§1182.11, 1182.12, & 1194)**

**(Against Defendant Crown)**

45. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 44 above.

46. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendant Crown has been, and continues to be, an "employer" as that term is defined under applicable provisions of the California Labor Code.

47. At all times relevant to this Complaint, Defendant Crown employed Plaintiffs as "employees" within the meaning of the Code.

48. Throughout the statute of limitations period covered by these claims, Plaintiffs were suffered or permitted to perform work for Defendant Crown for which they were never paid.

49. At all relevant times, Defendant Crown willfully, regularly and repeatedly failed, and continue to fail, to pay Plaintiffs at the required minimum wage rate(s) for all work they performed.

50. By violating Labor Code Sections 1182.11, 1182.12 and 1194, Defendant Crown has caused Plaintiffs to suffer damage in the form of lost wages, plus fees, costs and interest in amounts to be determined at trial.

51. Defendant Crown's conduct was such that Plaintiffs are also entitled to liquidated damages pursuant to California Labor Code Section 1194.2, in addition to their unpaid wages.

WHEREFORE Plaintiffs pray for judgment against Defendant Crown as set forth herein.

COMPLAINT FOR DAMAGES
CASE #: TBD

## FOURTH CAUSE OF ACTION

### (Failure to Pay Overtime in Violation of California Labor Code Section 1194)

### (Against Defendant Crown)

52. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 51, above.

53. At all times relevant to this Complaint, Defendant Crown was an "employer" as that term is defined under California law.

54. At all times relevant to this Complaint, Plaintiffs were "employees" as that term is defined under California law.

55. At all times relevant to this Complaint, Plaintiffs were jointly employed by all Defendants, including Defendant Crown.

56. At all times relevant to this Complaint, Defendant Crown required Plaintiffs to work in excess of eight (8) hours in a single day, and/or in excess of forty (40) hours, and/or for seven consecutive days in a single week.

57. Plaintiffs did in fact routinely work in excess of eight (8) hours in a single day, and/or in excess of forty (40) hours, and/or for seven consecutive days in a single week.

58. At all times relevant to this Complaint, both the California Labor Code and relevant Wage Orders of the California Industrial Welfare Commission required that all work performed by non-exempt employees in excess of eight (8), but not exceeding twelve (12), hours in a single day, on the seventh (7th) consecutive day of work in a single workweek, and/or in excess of forty (40) hours in any single workweek be compensated at a rate of one-and-one-half times the employees' regular rate of pay. Work in excess of twelve (12) hours in any single workday must be compensated at a rate of twice the employees' regular rate of pay.

59. Plaintiffs' job duties with Defendant Crown were such that they were not exempt from California's overtime requirements. At all times during their employment, Plaintiffs spent more than half their work time performing non-exempt manual and/or routine job duties.

WHEREFORE Plaintiffs pray for judgment against Defendant Crown as set forth herein.

COMPLAINT FOR DAMAGES
CASE #: TBD

## FIFTH CAUSE OF ACTION

### (Failure to Provide Meal Breaks, Cal. Lab. Code Sections 226.7, 512)

### (Against Defendant Crown)

60. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 59, above.

61. During all time periods relevant to this Complaint, Defendants required Plaintiffs to work more than five (5) consecutive hours without being provided with a duty-free, half-hour meal break as required by Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders.

62. Plaintiffs did in fact routinely work more than five (5) consecutive hours without being provided with a duty-free, half-hour meal break.

63. During all time periods relevant to this Complaint, both the California Labor Code and relevant Wage Orders of the Industrial Welfare Commission required that Plaintiffs be provided with duty-free, half-hour meal breaks after five (5) consecutive hours of work. When an employer fails to provide such meal periods, the employer is required to pay the employee as wages one additional hour of pay at the employee's regular rate of compensation for each such missed meal and rest period. Defendants have failed to pay this additional meal and rest period compensation to Plaintiffs.

64. As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained damages, including loss of earnings from unpaid meal and rest periods, in an amount to be established at trial, and are entitled to recover these damages, as well as interest, costs, and reasonable attorney's fees and costs, pursuant to statute.

WHEREFORE Plaintiffs pray for judgment against Defendant Crown as set forth herein.

## SIXTH CAUSE OF ACTION

### (Pay Stub Violations, Cal. Lab. Code Sections 226, 1174)

### (Against Defendant Crown)

65. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 64, above.

COMPLAINT FOR DAMAGES
CASE #: TBD

66. Defendant Crown knowingly and intentionally failed to provide timely, accurate itemized wage statements to Plaintiffs in accordance with California Labor Code Section 226. Such failure caused injury to Plaintiffs.

67. Defendant Crown also knowingly and intentionally failed to maintain records of hours worked by Plaintiffs in accordance with California Labor Code Section 1174(d). Such failure caused injury to Plaintiffs by, among other things, causing Plaintiffs to not be paid all wages due to them, to not know how many hours they worked, and to have to file this action to recover their wages and determine the amount of hours worked and wages due.

68. Plaintiffs are entitled to, and do hereby seek, injunctive relief requiring Defendant Crown to comply with Labor Code Sections 226(a) and 1174(d); and the greater of all actual damages, or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one-hundred dollars ($100.00) for each violation in each subsequent pay period, pursuant to Labor Code Section 226(e).

WHEREFORE Plaintiffs pray for judgment against Defendant Crown as set forth herein.

## SEVENTH CAUSE OF ACTION

### (Unfair Business Practices, Cal. Bus. & Prof. Code Sections 17200, *et seq.*)

### (Against Defendant Crown)

69. Plaintiffs re-allege and incorporate by reference herein all allegations previously made in Paragraphs 1 through 68, above.

70. California Business & Professions Code Section 17200, *et seq.*, prohibits acts of unfair competition, which includes, but is not limited to, any *unlawful* business practice or act.

71. The policies, acts and practices described herein were and are an unlawful business act or practice because Defendant Crown's failure to pay overtime, failure to provide meal and rest breaks, and failure to keep adequate timekeeping records violates the California Labor Code, including, but not limited to, Sections 226, 226.7, 512, 1174 and 1194, applicable Wage Orders of the IWC, other provisions of California law and San Francisco City ordinances.

72. The unfair competition prohibited by Section 17200 also prohibits *unfair* business

COMPLAINT FOR DAMAGES
CASE #: TBD

practices or acts.

73. The policies, acts or practices described herein were, and are, an unfair business act or practice because any justifications for Defendant Crown's unlawful and unfair conduct were, and are, vastly outweighed by the harm such conduct caused to Plaintiffs, as well as members of the general public.

74. As a result of Defendant Crown's unlawful and unfair business practices, Plaintiffs are entitled to and do seek restitution, and other appropriate relief available under Business & Professions Code § 17203.

WHEREFORE Plaintiffs pray for judgment against Defendant Crown as set forth herein.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand a jury trial and damages against Defendants as follows:

1. Compensatory damages subject to proof, including, past lost wages and benefits;
2. Special damages according to proof;
3. Pre-judgment interest;
4. Liquidated damages;
5. Statutory and/or civil penalties;
6. Restitution pursuant to Business and Provisions Code § 17200 *et seq.*, for the four years preceding the filing of this Complaint;
7. Reasonable attorneys' fees and costs;
8. Costs of suit occurred herein; and
9. Such other and further relief as the court may deem just and proper.

Dated: September 3rd, 2016

NELSON LAW GROUP

By: _____
Robert S. Nelson

Attorneys for Plaintiffs NAYNABEN A. PATEL and AMRUTAL PATEL